# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JONATHAN HENIN ) | **CIVIL ACTION NO.** |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| FOCUS RECEIVABLES MANAGEMENT, ) | **JURY TRIAL DEMAND** |
| LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NATURE OF ACTION

1.  This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.  Plaintiff, Jonathan Henin ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Mecklenburg, and City of Charlotte.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant, Focus Receivables Management, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, once owed or due, or asserted to be once owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Around October 2014, Defendant began reporting an alleged debt on Plaintiff's credit reports.

12. At or about that time, Plaintiff saw the information regarding the debt that Defendant was reporting on his credit reports.

13. Defendant's October 2014 credit reporting was Defendant's initial direct or indirect communication with Plaintiff with respect to the alleged debt.

2

14. Defendant failed to provide Plaintiff the notices required by 15 U.S.C. § 1692g(a) in its initial communication or in writing within five days thereafter.

15. The information Defendant reported regarding the debt was inaccurate.

16. The information Defendant reported regarding the debt negatively affected Plaintiff's credit score.

17. Plaintiff then called Defendant to inquire about the reporting.

18. During that conversation, the parties then discussed the alleged debt that Defendant had in its office for Plaintiff.

19. At that time, Plaintiff advised Defendant he had never received anything in writing from Defendant regarding the debt.

20. Therefore, Defendant had actual knowledge that Plaintiff did not receive the notices required by 15 U.S.C. § 1692g(a).

21. At no time after that conversation did Defendant send Plaintiff the notices provided by 15 U.S.C. § 1692g(a) in writing.

22. Defendant's reporting of inaccurate information regarding the debt caused Plaintiff loss of the ability to purchase and benefit from credit.

23. Defendant's reporting of inaccurate information regarding the debt caused Plaintiff to lose a $5000 deposit pending in a real estate loan transaction.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(a)

24. Plaintiff repeats and re-alleges each and every factual allegation above.

25. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

3

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)

28. Plaintiff repeats and re-alleges each and every factual allegation above.

29. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 2, 2015.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (N.C. Bar No. 37533)

5

Thompson Consumer Law Group, PLLC
822 Camborne Place
Charlotte, NC 28210
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@consumerlawinfo.com

ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

Holly E. Dowd
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206